The plaintiff obtained from a Justice of the Peace for Harrison county, on the 2d October, 1812, an attachment returnable to the following October court, against the effects of one Alexander Morrison, alias Porter, an absconding debtor, who was declared by the said Jackson to be indebted to him in the sum of four hundred dollars. The sheriff of *82 Harrison county to whom the attachment was directed, made a return on the attachment to this effect: that he found one horse in Hampshire county, which was the property of the defendant, at Solomon Parks, who refused to deliver the horse to him, and said he had bought the horse of the defendant, and put the same under lock, so that he could not take him away : he therefore summoned Parks as garnishee to appear in Harrison county on 'the first day of October court, on behalf of the plaintiff, to declare what property of defendant’s was in his hands. He also returned that he had attached one sorrel mare in the fields of John G. Jackson, and had her to dispose of as the court might direct.
At the December court 1812, held foi the county of *Harrison, it was stated on the record that the plaintiff came by his attorney, and it appearing to the satisfaction of the court that the attachment was returned to October court last, and ordered to be entered and continued; therefore, now it is ordered that the same be entered, and the return on the said attachment, which was accordingly done ; and it was thereupon considered by the court that a summons issue returnable on the first day of the ensuing term directed to the sheriff of Hampshire county, to summon Solomon Parks as a garnishee of the defendant. The summons did issue, and was returned executed. At the next court in January 1813, the said Parks not appearing, on the motion of the plaintiff an attachment against the body of the said Parks, for his contempt, was awarded, returnable the first day of the ensuing term. The attachment was returned unexecuted for want of time, and thereupon an alias attachment was awarded against the body of the said Parks. On the attachment issued in consequence of this order, the sheriff returned as follows: “By virtue of the within attachment I took the body of the within named Solomon Parks agreeably to the command of the within writ: the said Solomon Parks obtained a writ of habeas corpus from the Hon. R. White a judge of the general court, by virtue whereof he was brought before said judge, who after a full hearing and examining of all matters relating to said case, discharged said Parks from my custody.”
'"At the succeeding court of Harrison county the plaintiff by his attorney moved the court to award a pluries attachment in this cause, which motion was overruled because of the return on the alias attachment, to which opinion of the court the plaintiff objected.
At the superior court of law for Harrison county held in May 1813, the plaintiff moved the court to award a rule for a mandamus to the justices of the said county, commanding them to issue further process to compel the appearance of Solomon Parks a garnishee in the said attachment, which motion for novelty and difficulty was adjourned to the general court for its advice on the following points : 1st. Whether the county court hath legal authority to issue process to another county, to compel the appearance of a person summoned as a garnishee on attachment. 2d. Whether the county court ought to be compelled to award such process in this case.
The general court, consisting of judges Holmes, Semple, and Randolph, on the 12th of June, 1813, declined giving an opinion on the first question because it was “stated so generally, as not particularly to refer to the record.” As to the second question they ordered it to be certified,to the superior court “that the county court ought not to be compelled to award the pluries attachment against the garnishee.”